UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CINDY GOBERT                                        CIVIL ACTION NO. 06-0837

versus                                              JUDGE STAGG
                                                    **Referred to**:
COMMISSIONER OF SOCIAL                              MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


**MEMORANDUM RULING**

**Introduction**

Cindy Gobert filed an application for Supplemental Security Income payments on behalf of her child, N.N. J. The application contended that the child, born in February 1998, was disabled due to mental problems. ALJ W. Thomas Bundy conducted a hearing and issued a decision that N.N.J. was not disabled under the regulations. See Bowie ex rel. Bowie v. Barnhart, 194 Fed. Appx. 241, 243-44 (5th Cir. 2006) (describing the framework for assessing child disability cases).

The ALJ found that the child had attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning, which are severe within the meaning of the regulations. The ALJ then turned to whether the child's impairments met or medically equaled or were functionally equivalent to one of the listed impairments, which would demand a finding of disabled without further inquiry. The ALJ wrote that he had "considered all of the evidence of record" and "all relevant factors" and determined that "the evidence fails to establish that the child's impairment(s) meets or medically equals a listed

impairment." Tr. 15-16. This discussion did not refer to any particular listing or discuss any of the facts related to this case. The ALJ then proceeded to examine the six domains of functioning relevant to whether the impairments functionally equal the listings. The child was found to have a marked limitation in the domain of acquiring and using information, less than marked limitations in the domains of attending and completing tasks and interacting and relating with others, but no limitations in the remaining domains.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial relief pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's

determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The claimant raises a single issue on appeal. She contends the ALJ should have determined that the child meets Listing 112.05(D). That listing, for mental retardation in children, contains an introductory paragraph with a diagnostic description for mental retardation, plus six sets of criteria in paragraphs A through E. If a claimant's impairment "satisfies the diagnostic description in the introductory paragraph and any one of the six sets of criteria" the agency will find that the impairment meets the listing. Listing 112.00(A). See Arce v. Barnhart, 185 Fed. Appx. 437, 438 (5th Cir. 2006) (stating, in a case that applied the parallel listing for adults, that the requirements of the introductory paragraph must be met).

The relevant portions of the listing at issue state:

> Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in ... D are sa
>
> \* \* \* \*
>
> D. A valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Listing 112.00(A) contains additional information regarding how to determine whether an asserted physical or other mental impairment is sufficiently severe to trigger the listing.

The ALJ observed in his opinion that the child achieved a verbal IQ of 69,

performance IQ of 78 and a full scale IQ of 71. The verbal score of 69 is within the range contemplated by Listing 12.05(D), and the child's ADHD presents a colorable argument that she satisfies the requirement of an impairment that imposes an additional and significant work-related limitation of function. There is also a colorable argument that the child could satisfy the requirements of the introductory paragraph that the child have deficits in adaptive functioning. A consultative psychological exam found that, with regard to adaptive functioning, the child bathes or showers without assistance, uses table utensils competently, dresses herself completely, watches T.V., and walks with good coordination; however, the child reportedly had difficulty making friends (a fact questioned by the ALJ), does not play sports, does not generally follow household, school and community rules, and does not listen to the teacher at least 15 minutes or read at least 10 words. The psychologist concluded that, regarding adaptive functioning, the child's communication skills appeared deficient, and her daily living and socialization skills appeared "somewhat deficient." Tr. 148-50.

The record includes evidence that gives rise to at least a colorable argument that the child could satisfy Listing 12.05(D). The ALJ did not discuss the listing, so any effort by a court to decide whether the listing should apply would necessarily be a *de novo* application of the regulations, which would run afoul of the requirement of Section 405(g) that the court review the Commissioner's decision only for substantial evidence. To ensure that the review process required by Congress is followed, the ALJ must discuss potentially applicable listings in light of the listing's analytical framework and the facts of the particular case. The

decision should connect the evidence with the conclusion reached, so that the court may limit its role to assessing that decision for substantial evidence. See Giles ex rel.Giles v. Astrue, 483 F.3d 483, 487 (7th Cir. 2007) and Scott v. Barnhart, 2002 W.L. 1608218 (7th Cir. 2002).

The court may not speculate as to how the ALJ would have analyzed the listing issue. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so."). The evidence in this case certainly does not mandate a finding for the claimant on the listing issue, but there is sufficient evidence to support a reasonable argument in favor of the claimant, and the ALJ's decision does not address the issue with sufficient particularity to permit the court to find that the decision is supported by substantial evidence. A reversal and remand will permit the Commissioner the opportunity to pass on the listing issue in the first instance, as envisioned by the regulations. Accordingly, a judgment will be entered reversing the Commissioner's decision and remanding the case for further administrative proceedings.

THUS DONE AND SIGNED at Shreveport, Louisiana, this ___ day of July, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE